ALBERT MACKLER, Respondent, *v.* RICHARD HYDE ESTATE, INC., Appellant.

LEE MACKLER, Respondent, *v.* RICHARD HYDE ESTATE, INC., Appellant.

Supreme Court, Appellate Term, First Department, March 29, 1951.

*Herbert F. Garrick* and *Frederick J. Hamilton* for appellant.

*Edward Halle* for respondents.

*Per Curiam.* Defendant retained North American Credit Bureau, a collection agency, and Wray Fleming, an attorney, to collect a judgment obtained against the plaintiff, Albert Mackler, in 1939. The defendant was unaware at the time this arrangement was made that Mr. Mackler had been discharged in bankruptcy and that the judgment had been assigned. Fleming turned the matter over to the law firm of Kalvin & Conway, who served third-party subpoenas and restraining orders tying up the bank accounts of the plaintiff. The recovery herein was for the damage done to Mackler by reason of Kalvin & Conway's actions in the matter. Defendant had no contact with Kalvin &

Conway and did not authorize them to perform any services. The acts performed by Kalvin & Conway cannot be attributed to the defendant and it is not liable for such acts. Kalvin & Conway were the agents of the collection agency and not of the defendant.

A client who retains an attorney does not thereby authorize said attorney to hire another attorney or delegate his authority to another without the consent of the client (7 C. J. S., Attorney and Client § 107). Attorneys retained by a collection agency are the agents of such agency and not of the creditor (*Hoover* v. *Greenbaum,* 61 N. Y. 305).

Kalvin & Conway were neither attorneys nor agents for the defendant and could impose no liability on the defendant for their acts or omissions.

Under section 6 of the New York City Municipal Court Code that court is expressly deprived of jurisdiction in actions for malicious prosecution and that is what this case seems to be (*Barsotti* v. *Pierano,* 157 N. Y. S. 844). There is no need to pursue the question of jurisdiction, however, in view of the conclusion that the defendant is in no event liable for the acts of Kalvin & Conway.

The judgments should be reversed, with $30 costs as of one appeal, and complaints dismissed, with costs.

EDER and SCHREIBER, JJ., concur; HAMMER, J., dissents and votes for affirmance.

Judgments reversed, etc.