PATRICK GRENNAN, an Infant, by His Guardian ad Litem, JAMES GRENNAN, et al., Plaintiffs, *v.* WELL BUILT SALES OF RICHMOND COUNTY, INC., et al., Defendants.

Supreme Court, Special Term, Nassau County, August 9, 1962.

*Berger & Peters* for the motion to withdraw. *McCartney & Shields,* opposed. *William P. Rafferty* for defendants.

THOMAS P. FARLEY, J. This application for leave to withdraw as attorneys for the plaintiffs is contested by the law firm which the movants seek to have substituted in their place. Notice of motion was served on the adult plaintiff, but he has failed to file any papers hereon. The issues are further complicated by two companion motions made to dismiss the one action for failure to prosecute, and the other for failure to serve a complaint.

The father of the infant plaintiff retained one Earl Warner, Jr., on September 8, 1958, to commence an action for personal injuries allegedly sustained by his son while at premises owned by the defendant, Well Built Sales of Richmond County, Inc. A summons and complaint was prepared and served by Mr. Warner on the corporate defendant, and issue was joined by service of its answer on August 25, 1959. No further proceedings have been undertaken in this action.

Mr. Warner then retained the movants, Berger & Peters, as trial counsel. There is no indication that such engagement was made at the request or instigation of the plaintiff or with his consent, express or implied. On August 20, 1960, Mr. Warner died. On September 21, 1960, the movants were informed by letter from McCartney & Shields that they had been retained by the plaintiff's father in place of the late Mr. Warner. The plaintiffs, in the meantime, had moved to California.

Following Mr. Warner's death, and on or about September 21, 1960, the movants caused another summons to be issued, naming as parties defendants, the afore-mentioned corporation, one George V. Chandler and Earl Eversen. Service was made only on Eversen, and a notice of appearance was filed in his behalf by the same attorney who represented the corporate defendant. The movants obviously intended only to add another defendant to the first action, but the new summons actually resulted in the commencement of a second action. No further proceedings were thereafter conducted in this action.

There then followed an intermittent exchange of telephone conversations and correspondence between the two law firms regarding the conditions of substitution, and the continuance of the litigation pending settlement of this issue. The movants refused to release the papers unless the estate of Mr. Warner was allowed a 10% lien on the recovery and their disbursements were paid. The incoming attorneys raised no objection to this request, but could not secure the plaintiffs' consent to the stipulation of substitution. The plaintiff simply ignored

all communications from both law firms, and neither party sought an order before the advent of this application.

The contract between the plaintiff and the attorney of record terminated with the latter's death (*Sargent* v. *McLeod,* 209 N. Y. 360; *Matter of Scanlon,* 2 Misc 2d 65, 70). Whatever authority the movants possessed derived from the attorney of record, and upon his death became extinguished. Moreover, all proceedings upon Mr. Warner's death were automatically stayed under section 240 of the Civil Practice Act until 30 days after service of a notice to appoint a new attorney was given to the plaintiff, or until a new attorney was actually engaged. The first step was never undertaken, and the second procedure was never fully accomplished.

The retention of Mr. Warner by the plaintiff did not authorize him either to hire the movants as trial counsel, or to delegate his authority to them in the absence of consent by the plaintiff (*Mackler* v. *Richard Hyde Estate,* 199 Misc. 837). No such consent is shown to have been given in this case. The motion of the movants to withdraw as attorneys must therefore be granted since they in fact never represented the plaintiffs, and the attempted retention of the firm of McCartney & Shields by the adult plaintiff also indicates he did not wish to be represented by the movants.

The institution by the movants of the second action against Eversen was wholly unauthorized. They possessed no actual authority to serve the summons, and their position as trial counsel did not clothe them with implied authority to perform this act (cf. *Sunley* v. *Badler,* 33 N. Y. S. 2d 642). In any event, whatever presumption of authority they did possess had previously terminated with the death of the attorney of record. The defendant's motion to dismiss this action is accordingly granted.

The observation may be made that the movant's request for payment of their disbursements as a condition of their substitution was improper. An attorney retained as trial counsel by an attorney of record is not entitled to recover from a client who did not retain him even though the client benefited by the services rendered (*Matter of Loomis,* 273 N. Y. 76; *Levy* v. *Jacobs,* 3 Misc 2d 994). At best they would have been relegated to an action to recover for unjust enrichment. Their request that the lien of the estate of Mr. Warner be protected, however, was proper. Retention of papers by an attorney is permissible until his retaining lien is secured in an appropriate manner (cf. *Friedman* v. *Gordon,* 260 App. Div. 1023, affd. 285 N. Y. 630).

The application of the movants to compel substitution of McCartney & Shields is denied. The plaintiff by his failure to

908

sign the stipulation of substitution has evidenced an unwillingness to retain them. These attorneys, moreover, now oppose their appointment, and they have a right to select the persons whom they will represent.

The defendant's application to dismiss the first cause of action for lack of prosecution is also denied (Civ. Prac. Act, § 240). Leave to renew this application is granted after service of a notice on the plaintiff to appoint a new attorney. The plaintiff's attention is called to his duty to protect the rights of his infant son, and to the fact that failure to act will result in dismissal of the action.