■ ALICE SQUERI, Individually and as Administratrix of the Estate of CHARLES SQUERI, Deceased, Respondent, v DIMITRIOS FOURNARAKIS, Defendant, and PETER E. DEBLASIO, Nonparty Appellant.—In an action, *inter alia,* to recover damages for the wrongful death of the plaintiff's decedent, the plaintiff's former attorney appeals from an order of the Supreme Court, Richmond County (Radin, J.H.O.), dated May 16, 1989, which, after a hearing, determined that he was not entitled to any

compensation for the services rendered by him on the ground that he had been discharged for cause.

Ordered that the order is affirmed, with costs.

The record supports the hearing court's determination that the appellant was not entitled to any compensation for his legal services because his discharge by the plaintiff was for cause *(see, Crowley v Wolf,* 281 NY 59, 65). Specifically, the appellant testified that he refused to *personally* try the plaintiff's lawsuit because she refused his advice to accept a settlement offered by the defendant physician. However, "[t]he exercise of a client's unfettered right to refuse a settlement secured by [her] attorney * * * does not warrant the latter's withdrawal from the case" *(Burston v Pinkis,* 25 NYS2d 12, 13; *see, Holmes v Evans,* 129 NY 140, 147). While the appellant claims that he did not abandon the plaintiff since he told her that another attorney in his employ would try the case, the plaintiff could rightfully refuse to consent to this delegation *(see, People v Betillo,* 53 Misc 2d 540, 546; *Grennan v Well Built Sales,* 35 Misc 2d 905, 907; *Mackler v Hyde Estate,* 199 Misc 837, 838; *Burston v Pinkis, supra; see also, Holmes v Evans, supra).* Contrary to the appellant's further contention, the plaintiff did not retain him, with either an express or implied understanding that he would not personally try the case if the matter was not settled. The parties' retainer agreement did not provide that the plaintiff was retaining, in addition to the appellant, the other attorneys in the appellant's employ. Further, the appellant did not indicate to the plaintiff that he would not personally try the case by his statements that the case was an extremely difficult one. Rather, the difficult nature of the case supports the plaintiff's understanding that the appellant, who had been recommended to her because of his experience, would personally try the case, if necessary.

The hearing court's determination does not ignore "the realities of present day law practice", as claimed by the appellant. The consequences suffered by the appellant could have easily been avoided by a retainer agreement clearly delineating "the terms of representation—particularly in [a matter as] fundamental, foreseeable and commonplace as [that] before us today" *(Shaw v Manufacturers Hanover Trust Co.,* 68 NY2d 172, 179). Thompson, J. P., Lawrence, Harwood and O'Brien, JJ., concur.