■ Chaim Hirsch et al., Respondents, v Marcel Weisman, Defendant, and Zuller & Bondy et al., Appellants.—Order, Supreme Court, New York County (Carol H. Arber, J.), entered July 11, 1991, to the extent that it granted plaintiffs' request for leave to serve their amended complaint upon additional defendants Zuller & Bondy and Thomas Bondy, Esq., unanimously reversed, on the law and the facts and in the exercise of discretion, that portion of their motion is denied, and the action is severed and continued against defendant Weisman, without costs.

The issue is whether the Statute of Limitations has run against the additional defendants in this essentially legal-malpractice action, or whether a longer Statute of Limitations, based upon contract, renders the action against them still viable. Plaintiffs retained defendant Weisman to represent them in a personal injury action. Weisman in turn retained defendant Zuller & Bondy to act as trial counsel. At the outset of trial, defendant Bondy, a partner in the firm, negotiated a settlement for $80,000, which was entered in the record on January 29, 1988. Some time later, plaintiffs learned that the defendants in the underlying action had carried liability insurance in the amount of $500,000. Asserting that the terms of settlement had been based on their mistaken belief that said coverage was only $100,000, plaintiffs commenced this malpractice action against Weisman. In March 1990 plaintiffs served an amended summons and com-

plaint on the newly named Bondy defendants. The Bondy answer raised several affirmative defenses, including Statute of Limitations and plaintiffs' failure to obtain leave of court to amend the pleadings. On February 12, 1991, plaintiffs moved, *inter alia,* for permission to serve the amended pleadings on the Bondy defendants. Those defendants opposed plaintiffs' motion on the ground that the action was now barred by the three-year Statute of Limitations for malpractice actions (CPLR 214). Alternatively, the Bondy defendants cross-moved for leave to amend their answer to assert a defense of lack of personal jurisdiction based on defective service.

The IAS Court granted plaintiffs' motion for leave to serve the amended complaint, on the ground that the action was governed by the six-year Statute of Limitations. We disagree.

In *Santulli v Englert, Reilly & McHugh* (78 NY2d 700, 707), the Court of Appeals approved the application of the six-year Statute of Limitations to an action for legal malpractice, provided that the action sought recovery for damages to property or pecuniary interests recoverable in contract (citing *Video Corp. v Flatto Assocs.,* 58 NY2d 1026). The Court emphasized that where the three-year statute normally applicable to malpractice actions had run, the only damages recoverable in an action commenced during the remainder of the six-year period would be those attributable to a breach of contract. From this we can infer that once the three-year statute governing malpractice actions has run, a plaintiff had better be able to point with specificity to some contractual agreement, express or implied, that has been breached, in order to avail himself of the additional time in which to bring an action for damages.

Here, there was no contractual relationship between plaintiffs and the Bondy defendants. Plaintiffs were in privity only with Weisman, their retained counsel. At best, the Bondy defendants had an "of counsel" relationship with plaintiffs. Historically, such a relationship has been held not to provide a basis for recovery by the retained trial counsel directly from the client *(Levy v Jacobs,* 3 Misc 2d 994), even where the client may ultimately have benefited from the services performed *(Kiser v Bailey,* 92 Misc 2d 435; *Grennan v Well Built Sales,* 35 Misc 2d 905, 907). The lack of privity runs both ways, and without showing knowledge of the contractual agreement between Weisman and the Bondy firm, plaintiffs cannot be considered third-party beneficiaries of that arrangement.

We further reject plaintiffs' argument, not considered by the

IAS Court, that service upon the Bondy defendants should "relate back" to plaintiffs' original service upon Weisman. This case fails to meet the three-pronged test of *Brock v Bua* (83 AD2d 61)—allegations against both sets of defendants arising out of the same conduct, transaction or occurrence; unity of interest such that knowledge of commencement against defendant #1 is logically imputed to defendant #2; and knowledge by defendant #2 that the plaintiff would have commenced against the proper party in a timely fashion, but for excusable mistake.

There being no contractual relationship with the Bondy defendants, the three-year Statute of Limitations governs, and leave should not have been granted to commence this action against those defendants after that period had expired.

Plaintiffs alternatively argue that if the three-year Statute of Limitations applies, that commencement of the running of the statute was tolled, under the continuous-representation doctrine, until October 2, 1989, when the proceeds of the settlement were paid to plaintiffs herein. Under that theory, plaintiffs' request in February 1991 to serve amended pleadings upon the Bondy defendants would have been timely. However, as already pointed out above, the Bondy defendants' role in this case was simply as "of counsel" to plaintiffs' retained counsel, defendant Weisman. The Bondy defendants' connection with the case terminated upon completion of the legal proceedings in January 1988, when the settlement they had negotiated was entered in the record. Thus, plaintiffs' request in February 1991 to sue them on a legal malpractice theory was untimely. Concur—Rosenberger, J. P., Wallach, Kupferman, Ross and Rubin, JJ. [As amended by unpublished order entered Feb. 25, 1993.]