■ James E. Williams, II, Appellant, v 468 Myrtle Avenue Realty Corporation et al., Defendants, and Harvey O. Lazarowitz et al., Respondents. [602 NYS2d 550] —In an action for an accounting and for damages for the respondents' alleged breach of their fiduciary duties as attorneys, the plaintiff

appeals from (1) so much of an order of the Supreme Court, Kings County (Vinik, J.), dated November 20, 1990, as denied that branch of the motion of the respondents which was to dismiss certain cross claims against them, (2) a judgment of the same court, dated May 2, 1991, which is in favor of the respondents and against him, dismissing the complaint insofar as it is against the respondents. We deem the notice of appeal from so much of the order as dismissed the complaint insofar as it is asserted against the respondents as a premature notice of appeal from the judgment *(see,* CPLR 5520 [c]).

Ordered that the appeal from so much of the order dated November 20, 1990, as denied that branch of the motion of the respondents which was to dismiss certain cross claims against them is dismissed, on the ground that the appellant is not aggrieved thereby *(see,* CPLR 5511); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

We conclude that the Supreme Court properly dismissed the complaint insofar as it is asserted against the respondents *(see,* CPLR 3211 [a] [5]). The plaintiff cannot "point with specificity to some contractual agreement * * * that has been breached, in order to avail himself of the [six-year Statute of Limitations]" *(Hirsch v Weisman,* 189 AD2d 643, 644; *cf., Santulli v Englert, Reilly & McHugh,* 78 NY2d 700).

We have examined the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Eiber and O'Brien, JJ., concur.