■ VERA CAPPADONNA et al., Appellants, v SIMON, SARVER, FRIEDMAN & ROSENBERG, et al., Respondents, et al., Defendant. [649 NYS2d 777] —Order, Supreme Court, New York County (Carol Arber, J.), entered April 1, 1996, which, insofar appealed from, denied plaintiff clients' motion for partial summary judgment as to defendant attorneys' commission of malpractice by their filing of the notice of claim in plaintiffs' underlying personal injury action and as to plaintiffs' entitlement to interest on any judgment rendered in their favor from the date of the filing of such notice of claim, and granted defendant Simon, Sarver & Rosenberg's ("SS&R") cross motion to dismiss plaintiff's complaint as against it as time-barred, unanimously affirmed, without costs.

The IAS Court correctly held that issues of fact exist as to whether, *inter alia,* plaintiffs' own negligence contributed to the defect in the notice of claim (*see, Cicorelli v Capobianco*, 90 AD2d 524, *affd* 59 NY2d 626); that any possible cause of action against SS&R was time-barred because of plaintiffs' failure to commence the action within six years (*see, Hirsch v Weisman*, 189 AD2d 643, 644, *lv dismissed* 81 NY2d 1067) after SS&R ceased to represent them in their personal injury action (*see,*

*Glamm v Allen,* 57 NY2d 87, 93-94); and that the action was timely commenced as against defendant Friedman since his representation was continuous until 1993 and the instant action was commenced in February 1995 (*see, supra*). The date from which interest is to be computed should not be specified before liability has been established (CPLR 5001 [c]). We have considered plaintiffs' other arguments and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Ross, Tom and Mazzarelli, JJ.