■ In the Matter of KELLY SHEVLIN, Respondent, v ANDREW MINAS, Appellant. [675 NYS2d 897] —In a family offense proceeding pursuant to Family Court Act article 8, Andrew Minas appeals from a permanent order of protection of the Family Court, Suffolk County (Snellenburg, J.), entered September 26, 1995.

Ordered that the order is reversed, on the law, without costs or disbursements, and the proceeding is dismissed.

Although the order of protection has expired, we decline to dismiss the appeal as academic because "of the enduring consequences which may potentially flow from an adjudication that a party has committed a family offense" (*Matter of Cutrone v Cutrone,* 225 AD2d 767, 768; *see also, Matter of Commissioner of Social Servs. [Monique W.] v Kim G.,* 240 AD2d 664). The Family Court erred in failing to conduct a fact-finding hearing pursuant to Family Court Act § 832 and a dispositional hearing pursuant to Family Court Act § 833 before issuing a permanent order of protection (*see, Matter of Alice C. v Joseph C.,* 212 AD2d 698; *Matter of Muldrew v Mixon,* 237 AD2d 942). O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.

■ In the Matter of JEAN STERLING, Respondent, v PARKER & WAICHMAN, Appellant. [675 NYS2d 898] —In a proceeding for leave to discharge and substitute counsel, Parker & Waichman appeals from an order of the Supreme Court, Kings County (Held, J.), entered August 25, 1997, which granted the petitioner's application to be relieved of paying any fees to it.

Ordered that the order is affirmed, with costs.

The record supports a finding that the appellant was not entitled to any compensation for its legal services because its discharge by the petitioner was for cause (*see, Campagnola v Mulholland, Minion & Roe,* 76 NY2d 38, 44; *Squeri v Fournarakis,* 170 AD2d 444). Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.