■ In the Matter of Christine Cutrone, Respondent, v Angelo Cutrone, Appellant. (Matter No. 1.) In the Matter of Angelo Cutrone, Appellant, v Christine Cutrone, Respondent. (Matter No. 2.) [640 NYS2d 568]

Although the order of protection excluding the appellant from the family residence has expired, in light of the enduring consequences which may potentially flow from an adjudication that a party has committed a family offense, we find that this appeal is not academic (*see, Matter of Bickwid v Deutsch,* 87 NY2d 862; *Matter of Williams v Cornelius,* 76 NY2d 542). However, we find no basis to disturb the Family Court's determination that the appellant harassed his wife and daughter in violation of a previous order of protection. The question of whether the appellant committed acts of harassment was a disputed factual issue for the court to resolve, and the determination of the Family Court, as the trier of fact, regarding credibility of the witnesses is entitled to great weight (*see, Matter of Bart v Bart,* 219 AD2d 710; *Matter of Croce v Tsombanis,* 209 AD2d 516). While the wife did not claim that the appellant had engaged in physical violence, the record supports the court's conclusion that the appellant willfully engaged in a course of conduct intended to harass both the wife and the parties' daughter (*see, Matter of Croce v Tsombanis, supra; Matter of Dutz v Colon,* 183 AD2d 715; *Matter of Rogers v Rogers,* 161 AD2d 754; *Merola v Merola,* 146 AD2d 611).

Furthermore, we find no merit to the appellant's claim that the Family Court abrogated his right to present evidence in support of his own family offense petition.

We have examined the appellant's remaining contentions and find that they are without merit. Bracken, J. P., Sullivan, Santucci and Krausman, JJ., concur.