■ In the Matter of DORIS ZIERAN, Respondent, v MARK MARVIN, Appellant. (Proceeding No. 1.) In the Matter of MARK

MARVIN,. Appellant, v DORIS ZIERAN, Respondent. (Proceeding No. 2.) [770 NYS2d 408]—

In related child custody proceedings pursuant to Family Court Act article 6 and a family offense proceeding pursuant to Family Court Act article 8, the father appeals from (1) an order of protection of the Family Court, Orange County (Kiedaisch, J.), dated November 21, 2000, which directed him, inter alia, to remain at least 1,000 feet away from the mother, the parties' child, and the mother's residence until November 6, 2001, (2) an order of the same court dated November 30, 2000, which, after a hearing, dismissed his petition dated February 16, 2000, to modify the custody and visitation provisions of a prior order of the same court (Ludmerer, J.), dated March 4, 1996, (3) an order of the same court (Kiedaisch, J.), dated March 2, 2001, which, after a hearing, dismissed his petition dated February 15, 2000, inter alia, to modify the custody and visitation provisions of the order dated March 4, 1996, on the ground that custody and/or visitation were not possible due to the father's special parole conditions; and (4) an order of disposition of the same court (Kiedaisch, J.), dated March 2, 2001, which, after fact-finding and dispositional hearings, in effect, found that the father committed family offenses, directed him to observe the conditions of the order of protection for a period of one year.

Ordered that the appeal from the order of protection dated November 21, 2000, and the appeal from so much of the order of disposition dated March 2, 2001, as directed the father to observe the conditions of the order of protection for one year, are dismissed as academic, without costs or disbursements; and it is further,

Ordered that so much of the order of disposition dated March 2, 2001, as, in effect, found that the father committed family offenses is affirmed, without costs or disbursements; and it is further,

Ordered that the orders dated November 30, 2000, and March 2, 2001, dismissing the father's petitions are affirmed, without costs or disbursements.

The appeal from the order of protection dated November 21, 2000, and the appeal from so much of the order of disposition dated March 2, 2001, as directed the father to observe the conditions of order of protection for a period of one year, have been

rendered academic by the passing of the time limits contained therein (*see Matter of Kennedy v Tsombanis,* 277 AD2d 315 [2000]; *Matter of Nagengast v Kostas,* 276 AD2d 489, 490 [2000]). However, even though the order of protection and the extension thereof expired, "in light of enduring consequences which may potentially flow from an adjudication that a party has committed a family offense," the appeal from so much of the order of disposition as, in effect, made that adjudication is not academic (*Matter of Cutrone v Cutrone,* 225 AD2d 767, 768 [1996]; *Matter of Nagengast v Kostas, supra* at 490).

The Family Court correctly dismissed the father's petitions seeking visitation and/or custody of his son since the conditions placed upon the father's conditional release from prison by the Division of Parole precluded the father from being within 1,000 feet of his son, making visitation or custody impossible (*see generally Matter of Randy K. v Evelyn ZZ.,* 263 AD2d 624 [1999]).

Further, a review of the record reveals no basis to disturb the Family Court's resolution of the mother's petition for an order of protection (*see generally Matter of Nagengast v Kostas, supra* at 490; *Matter of Cutrone v Cutrone, supra* at 768).

The father's remaining contentions are without merit. Florio, J.P., Friedmann, Townes and Cozier, JJ., concur.