■ In the Matter of CAMILLE N. ROCHESTER, Respondent, v FRED B. ROCHESTER, Appellant. [809 NYS2d 178]—In a family offense proceeding pursuant to Family Court Act article 8 and a related proceeding to modify an amended order of protection, Fred B. Rochester appeals from (1) an order of protection of the Family Court, Suffolk County (Dounias, J.), dated May 5, 2004, (2) an amended order of protection of the same court (Dounias, J.) dated September 21, 2004, which, upon a finding, after a hearing, in effect, that he committed a family offense, directed him, inter alia, to stay away from the mother and the children until May 5, 2005, and (3) an order of the same court (Freundlich, J.), dated January 5, 2005, which, inter alia, in effect, denied, without prejudice, his petition to modify the amended order of protection.

Ordered that the appeal from the order of protection dated May 5, 2004, is dismissed, without costs or disbursements, as that order of protection was superseded by the amended order of protection dated September 21, 2004; and it is further,

Ordered that the appeal from so much of the amended order of protection dated September 21, 2004, as directed the appellant, inter alia, to stay away from the mother and the children until May 5, 2005, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of protection dated September 21, 2004, is affirmed insofar as reviewed; and it is further,

Ordered that the order dated January 5, 2005, is affirmed, without costs or disbursements.

Because the amended order of protection dated September 21, 2004, expired by its own terms on May 5, 2005, prior to the perfection of these appeals, the appeal from so much of the

amended order of protection as directed the appellant to refrain from certain conduct until May 5, 2005, must be dismissed as academic. However, the finding, in effect, that the appellant committed a family offense is not academic in light of the enduring consequences that may potentially flow from such an adjudication (*see Matter of Kravitz v Kravitz*, 18 AD3d 874 [2005]; *Matter of Zieran v Marvin*, 2 AD3d 870 [2003]; *Matter of Samora v Coutsoukis*, 292 AD2d 390 [2002]; *Matter of Mazzola v Mazzola*, 280 AD2d 674 [2001]; *Matter of Whittemore v Lloyd*, 266 AD2d 305 [1999]; *Matter of Shevlin v Minas*, 253 AD2d 435 [1998]; *Matter of Cutrone v Cutrone*, 225 AD2d 767 [1996]).

Nevertheless, we have reviewed the record and agree with the appellant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal with respect to the Family Court's fact finding and the Family Court's denial, without prejudice, of the petition to modify the amended order of protection. Counsel's application for leave to withdraw as counsel for the appellant is granted (*see Matter of Farnam v Afrahim*, 24 AD3d 761 [2005]; *cf. Anders v California*, 386 US 738 [1967]).

The appellant has not raised any nonfrivolous issues in his supplemental pro se brief. Crane, J.P., Goldstein, Lifson and Dillon, JJ., concur.