■ In the Matter of Sonia DeSouza-Brown, Respondent, v David Brown, Appellant. [831 NYS2d 332]—In a family offense proceeding pursuant to Family Court Act article 8, the father appeals from an order of protection of the Family Court, Nassau County (McCormack, J.), dated January 25, 2006, which, upon a finding, made after a hearing, that he committed a family offense, directed him, until January 24, 2007, to refrain from certain conduct and to stay away from the mother and the children, except as agreed between the parties.

Ordered that the order of protection is affirmed, without costs or disbursements.

Although the order of protection expired by its own terms on January 24, 2007, the appeal is not academic in light of the enduring consequences that may potentially flow from an adjudication that the father committed a family offense (*see Matter of Rochester v Rochester,* 26 AD3d 387, 388 [2006]; *Matter of Kravitz v Kravitz,* 18 AD3d 874, 875 [2005]; *Matter of Zieran v Marvin,* 2 AD3d 870, 872 [2003]; *Matter of Cutrone v Cutrone,* 225 AD2d 767, 768 [1996]).

The Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record (*see Matter of Abbott v Burnes,* 27 AD3d 555 [2006]; *Matter of Phillips v Laland,* 4 AD3d 529, 530 [2004]; *Matter of Topper v Topper,* 271 AD2d 613 [2000]). We find no basis on this record to disturb the Family Court's determination, which is supported by a fair preponderance of the evidence (*see* Family Ct Act §§ 812, 832; Penal Law § 120.00 [1]; *Matter of St. Denis v St. Denis,* 1 AD3d 370 [2003]).

The father's remaining contentions are without merit. Crane, J.P., Florio, Fisher and Dickerson, JJ., concur.