■ In the Matter of JEANETTE WALLACE, Respondent, v KELLY A. WALLACE, Appellant. [844 NYS2d 711]—In a family offense proceeding pursuant to Family Court Act article 8, Kelly A. Wallace appeals from an order of protection of the Family Court, Suffolk County (Kelly, J.), dated October 24, 2006, which, after a hearing, and upon, in effect, a finding that she committed the family offense of harassment in the second degree, directed her, inter alia, to stay away from the home of the petitioner Jeanette Wallace and to refrain from assault, stalking, harassment, menacing, reckless endangerment, disorderly conduct, intimidation, threats, or any criminal offense against Jeanette Wallace, up to and including October 16, 2007.

Ordered that the order of protection is affirmed, without costs or disbursements.

Although the order of protection expired by its own terms on October 16, 2007, the appeal has not been rendered academic in light of the enduring consequences which may potentially flow from a finding that the appellant committed a family offense (*see e.g. Matter of DeSouza-Brown v Brown,* 38 AD3d 888 [2007]; *Matter of Rochester v Rochester,* 26 AD3d 387, 388 [2006]; *Matter of Kravitz v Kravitz,* 18 AD3d 874, 875 [2005]).

The Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record (*see Matter of Phillips v Laland,* 4 AD3d 529, 530 [2004]; *Matter of Bryan S.,* 286 AD2d 685 [2001]; *Matter of Tibichrani v Debs,* 230 AD2d 746, 747 [1996]). The record supports the Family Court, in effect, finding that, based on a preponderance of the credible evidence, the appellant committed an act constituting the family offense of harassment in the second degree, warranting the issuance of an order of protection (*see* Family Ct Act § 812 [1]; § 832; Penal Law § 240.26 [3]; *Matter of Clarke v Clarke,* 8 AD3d 375 [2004]; *Matter of Dienes v Dienes,* 240 AD2d 576 [1997]; *Matter of Pesce v Pesce,* 223 AD2d 647 [1996]; *Matter of Rogers v Rogers,* 161 AD2d 766, 767 [1990]).

The appellant's remaining contention is without merit. Schmidt, J.P., Skelos, Lifson and Balkin, JJ., concur.