■ In the Matter of CHRISTINE HUNT, Respondent, v JEFFREY J. HUNT, Appellant. [858 NYS2d 724]—In a family offense proceeding pursuant to Family Court Act article 8, the appeal is from (1) a fact-finding order of the Family Court, Kings County (Toussaint, J.), dated April 19, 2007, which, after a hearing, found that the appellant had committed the family offenses of harassment in the second degree and disorderly conduct, (2) an order of protection of the same court dated April 19, 2007, which, inter alia, directed him to stay away from the petitioner and the parties' child for a period up to and including April 18, 2008, and (3) an order of disposition of the same court dated April 19, 2007, which directed him to comply with the order of protection.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as it was superseded by the order of disposition (*see Matter of Nichole B.,* 175 AD2d 205 [1991]); and it is further,

Ordered that the appeal from the order of protection, and the appeal from so much of the order of disposition as directed the father to comply with the conditions of the order of protection, are dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from the order of protection dated April 19, 2007, and the appeal from so much of the order of disposition dated April 19, 2007, as directed the appellant to comply with the conditions of the order of protection, have been rendered academic by the passing of the time limits contained therein (*see Matter of Zieran v Marvin,* 2 AD3d 870, 871-872 [2003]). Nevertheless, even though the order of protection has expired, "in light of enduring consequences which may potentially flow from an adjudication that a party has committed a family offense," the appeal from so much of the order of disposition as made that adjudication is not academic (*Matter of Cutrone v Cutrone,* 225 AD2d 767, 768 [1996]; *see Matter of Zieran v Marvin,* 2 AD3d at 872).

A family offense must be established by a "fair preponderance of the evidence" (Family Ct Act § 832). The Family Court's determination regarding the credibility of witnesses must be given great weight on appeal unless clearly unsupported by the record (*see Matter of Robbins v Robbins,* 48 AD3d 822 [2008]). The record supports the Family Court's finding that based on a preponderance of the credible evidence, the appellant committed acts constituting the family offenses of harassment in the second degree and disorderly conduct, warranting the issuance of an order of protection (*see* Penal Law § 240.20 [1], [2]; § 240.26 [1]).

The appellant's remaining contention is without merit. Skelos, J.P., Santucci, Balkin and Chambers, JJ., concur.