In the Matter of KARINA BIBOLOVA, Respondent, v ANDREI RADU, Appellant. [919 NYS2d 388]—

The appeal from the order of protection, and the appeal from so much of the order of fact-finding and disposition as directed the appellant to observe the conditions of behavior specified in the order of protection for a period not to exceed 12 months,

have been rendered academic by the passing of the time limits contained therein (*see Matter of Zieran v Marvin*, 2 AD3d 870, 871-872 [2003]). Nevertheless, even though the order of protection has expired, "in light of the enduring consequences which may flow from an adjudication that a party has committed a family offense," the appeal from so much of the order of fact-finding and disposition as made that adjudication is not academic (*Matter of Pastore v Russo*, 38 AD3d 556, 556 [2007]; *see Matter of Rochester v Rochester*, 26 AD3d 387, 387-388 [2006]; *Matter of Kravitz v Kravitz*, 18 AD3d 874, 875 [2005]; *Matter of Zieran v Marvin*, 2 AD3d at 871-872).

The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record (*see Matter of Creighton v Whitmore*, 71 AD3d 1141 [2010]). Here, a fair preponderance of the credible evidence adduced at the fact-finding hearing supported a finding that the appellant committed the family offense of harassment in the second degree (*see* Penal Law § 240.26 [1]; *Matter of Gonzalez v Acosta*, 73 AD3d 921, 921-922 [2010]; *Matter of Halper v Halper*, 61 AD3d 687 [2009]; *Matter of Wissink v Wissink*, 13 AD3d 461 [2004]). Mastro, J.P., Skelos, Balkin and Roman, JJ., concur.