■ In the Matter of LIONEL KING, Respondent, v KEITH EDWARDS, Appellant. [938 NYS2d 442]—

The appeal from the order of protection, and the appeal from so much of the order of fact-finding and disposition as directed the appellant to observe the conditions set forth in the order of protection for a period not to exceed three months, have been rendered academic by the passing of the time limits contained therein (*see Matter of Bibolova v Radu*, 82 AD3d 1222, 1222-1223 [2011]; *Matter of Zieran v Marvin*, 2 AD3d 870, 871-872 [2003]). Nevertheless, even though the order of protection has expired, "in light of the enduring consequences which may flow from an adjudication that a party has committed a family offense," the appeal from so much of the order of fact-finding and disposition as made that adjudication is not academic (*Matter of Pastore v Russo*, 38 AD3d 556, 556 [2007]; *see Matter of Bibolova v Radu*, 82 AD3d at 1223; *Matter of Rochester v Rochester*, 26 AD3d 387 [2006]).

The Family Court properly exercised subject matter jurisdiction over this proceeding, as the evidence in the record clearly established that the alleged family offense occurred in Brooklyn, and, in any event, a Family Court's subject matter jurisdiction over a family offense is not limited by geography (*see Matter of Richardson v Richardson*, 80 AD3d 32, 41-42 [2010]).

The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record (*see Matter of Creighton v Whitmore*, 71 AD3d 1141 [2010]). Here, a fair preponderance of the credible evidence adduced at the fact-finding hearing supported a finding that the appellant committed the family offense of harassment

in the second degree (*see* Penal Law § 240.26 [3]; *Matter of Clarke v Clarke*, 8 AD3d 375 [2004]; *Matter of DeNobile v Tenaglia*, 299 AD2d 409 [2002]). Dillon, J.P., Leventhal, Belen and Lott, JJ., concur.