# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**492**

**CAF 11-00770**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF URSULA M. MARQUARDT,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

PAUL D. MARQUARDT, RESPONDENT-APPELLANT.

---

BRIAN P. DEGNAN, BATAVIA, FOR RESPONDENT-APPELLANT.

CHARLES J. GREENBERG, BUFFALO, FOR PETITIONER-RESPONDENT.

---------------------------------------------------------------------------------

Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered March 14, 2011 in a proceeding pursuant to Family Court Act article 8. The order, inter alia, found that respondent had committed acts constituting the family offense of disorderly conduct.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 8, respondent appeals from an order that, inter alia, determined that he committed the family offense of disorderly conduct (Penal Law § 240.20) against petitioner on two occasions. At the beginning of the fact-finding hearing, respondent requested that Family Court limit the proof to events occurring within two years prior to the filing of the petition. Both instances of disorderly conduct fall within that time period. Respondent therefore waived his contention that he was denied due process based on the court's consideration of alleged instances of disorderly conduct that occurred during that time period and his further contention that the proceeding is barred by laches or the statute of limitations (*see generally Lahren v Boehmer Transp. Corp.*, 49 AD3d 1186, 1187; *Cervilli v Kezis*, 306 AD2d 430).

Contrary to respondent's contention, we conclude that petitioner established by a preponderance of the evidence that respondent engaged in acts constituting disorderly conduct (*see Matter of Hagopian v Hagopian*, 66 AD3d 1021, 1022). The court's "assessment of the credibility of the witnesses is entitled to great weight, and the court was entitled to credit the testimony of [petitioner] over that of [respondent]" (*Matter of Scroger v Scroger*, 68 AD3d 1777, 1778, *lv*

*denied* 14 NY3d 705).

Entered:  April 20, 2012                 Frances E. Cafarell
                                         Clerk of the Court