# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**683**
**CAF 11-00771**
PRESENT: SMITH, J.P., FAHEY, PERADOTTO, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF PAUL D. MARQUARDT,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

URSULA M. MARQUARDT, RESPONDENT-APPELLANT.

---

CHARLES J. GREENBERG, BUFFALO, FOR RESPONDENT-APPELLANT.

------------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered March 14, 2011 in a proceeding pursuant to Family Court Act article 8. The order, insofar as appealed from, found that respondent had committed a family offense.

It is hereby ORDERED that the order insofar as appealed from is reversed on the law without costs and the amended petition is dismissed.

Memorandum: Respondent wife appeals from an "Order of Fact-Finding and Disposition" in which Family Court concluded that she committed acts constituting the family offense of harassment in the first or second degree against petitioner husband (Family Ct Act § 812 [1]; Penal Law §§ 240.25, 240.26 [3]). Initially, we note that the order of protection issued in conjunction with the order on appeal has expired, and we thus generally would dismiss the appeal as moot (*see Matter of Kristine Z. v Anthony C.*, 43 AD3d 1284, 1284-1285, *lv denied* 10 NY3d 705). Here, however, respondent challenges only Family Court's finding that she committed a family offense and, " 'in light of enduring consequences which may potentially flow from an adjudication that a party has committed a family offense,' the appeal from so much of the order . . . as made that adjudication is not academic" (*Matter of Hunt v Hunt*, 51 AD3d 924, 925).

With respect to the merits, the court concluded that respondent committed a family offense by engaging in acts that would constitute either first or second degree harassment "by cutting open [her] pills on the counter, knowing that the Petitioner has allergies" to medications. We agree with respondent that the evidence is not legally sufficient to establish that she committed a family offense. "A petitioner bears the burden of proving by a preponderance of the evidence that respondent committed a family offense" (*Matter of Chadwick F. v Hilda G.*, 77 AD3d 1093, 1093-1094, *lv denied* 16 NY3d 703). Although harassment in the first or second degree is a family offense (*see* Family Ct Act § 812 [1]), and we afford great deference

to the court's determination of credibility (*see Matter of Gray v Gray*, 55 AD3d 909, 909; *Matter of Wallace v Wallace*, 45 AD3d 599), we conclude that petitioner failed to establish by a preponderance of the evidence that respondent engaged in acts constituting either offense. Thus, the court erred in failing to dismiss the amended petition (*see generally Matter of Woodruff v Rogers*, 50 AD3d 1571, 1571-1572, *lv denied* 10 NY3d 717).

To establish that respondent committed acts constituting harassment in the second degree, petitioner was required to establish that respondent engaged in conduct that was intended to harass, annoy or alarm petitioner, that petitioner was alarmed or seriously annoyed by the conduct, and that the conduct served no legitimate purpose (*see* Penal Law § 240.26 [3]; *Matter of Ebony J. v Clarence D.*, 46 AD3d 309; *Matter of Cavanaugh v Madden*, 298 AD2d 390, 392). Even assuming, arguendo, that petitioner was alarmed or seriously annoyed by the conduct of respondent in opening her medicine to eat it with pudding based on her inability to swallow the pills, and further assuming, arguendo, that respondent thereby intended to harass, annoy or alarm him, we conclude that petitioner failed to establish that the conduct served no legitimate purpose (*see generally Chadwick F.*, 77 AD3d at 1094; *Matter of Charles E. v Frank E.*, 72 AD3d 1439, 1441; *Matter of Eck v Eck*, 44 AD3d 1168, 1169, *lv denied* 9 NY3d 818). Indeed, petitioner testified that respondent took the medication as prescribed to prevent acid reflux, and that respondent opened the pills and ate the medication with food because she was unable to swallow the pills. With respect to petitioner's allegation that he was allergic to certain medications, he failed to establish that he was allergic to the particular medication taken by respondent, or to introduce any expert evidence in support of his testimony that the medication was "a poison, a toxic poison that causes death."

Similarly, petitioner failed to establish that respondent's acts constituted harassment in the first degree. That statute requires, inter alia, that the perpetrator commit "acts which place[ another person] in reasonable fear of physical injury" (Penal Law § 240.25). Even assuming, arguendo, that petitioner was in fear of physical injury when respondent opened her medication, we conclude for the reasons set forth above that he failed to establish that his fear was reasonable.

All concur except MARTOCHE, J., who dissents and votes to affirm in the following Memorandum: I respectfully dissent, and would affirm the order insofar as appealed from. In my view, petitioner husband established by a preponderance of the evidence that respondent wife committed a family offense, and I agree with the majority that Family Court's finding that she did so is not academic despite the fact that the underlying order of protection has expired (*see Matter of Hunt v Hunt*, 51 AD3d 924, 925). Preliminarily, I note that, in this proceeding, respondent filed an amended petition in which she accused petitioner of engaging in acts against her that constituted disorderly conduct, harassment, aggravated harassment and attempted assault. The relevant acts included one incident in which petitioner screamed at respondent and ripped apart her rosary beads, and a second incident

when, while calling respondent names, petitioner struck respondent with a door upon opening it and then tried to rip the door off its hinges. Petitioner in turn filed an amended family offense petition against respondent, alleging that she committed the family offenses of reckless endangerment, harassment and menacing. Specifically, petitioner alleged that on several occasions respondent opened capsules of controlled substances in his presence on eating surfaces in the kitchen even though he had informed her that he was allergic to the controlled substances. Petitioner further alleged that, despite his repeated protests, respondent continued to open the capsules in his presence. The court considered both amended petitions at the fact-finding hearing. The only witnesses were the parties and their relatives. The court granted stay away orders of protection against each party, which expired in March 2012. The court found that respondent "engaged in conduct constituting harassment in that she with the intent to harass or to alarm or annoy the petitioner did after being asked to refrain from doing so cut open medications on a kitchen counter where food is prepared with knowledge that . . . the petitioner has allergies to certain medications and would be annoyed and alarmed by the respondent continuing to engage in such conduct." The court also found that petitioner committed the family offense of disorderly conduct, when he slammed the basement door with sufficient force to damage the door frame "in such a manner to frighten and alarm the [respondent]," and that petitioner committed another family offense of disorderly conduct, when he admittedly destroyed respondent's rosary beads without justification. The court stated in its decision that "ninety percent of the testimony" at the hearing was "utter nonsense" and warned the parties that it would "not waste another entire day listening to what [it] consider[ed] to be inane blather" if either party violated the orders of protection. In a previous appeal by petitioner, this Court affirmed the order determining, inter alia, that he committed a family offense against respondent (*Matter of Marquardt v Marquardt*, 94 AD3d 1436).

In my view, the court's "assessment of the credibility of the witnesses is entitled to great weight" (*Matter of Scroger v Scroger*, 68 AD3d 1777, 1778, *lv denied* 14 NY3d 705). This case in particular is appropriate for application of our general rule deferring to the findings made by Family Court after the court has made credibility determinations. Here, the parties chose to avail themselves of the judicial system for acts that otherwise did not warrant police intervention. The majority concludes that petitioner failed to establish that respondent's conduct served no legitimate purpose with respect to harassment in the second degree. I cannot agree with that conclusion. Petitioner testified that, while respondent may have needed to take her medication, she did not need to take her medication on eating surfaces in the kitchen and did so despite his objections to her conduct. The majority further concludes that petitioner failed to establish that he was allergic to the particular medication taken by respondent, but his testimony that he had allergies to the medications was credited by the court and I see no reason to disturb that factual determination. Similarly, the majority concludes that, with respect to harassment in the first degree, petitioner failed to establish that his fear of physical injury from respondent opening her medication was

reasonable.  The testimony of petitioner established, however, that he was allergic to many medicines and that he was fearful of ingesting respondent's medications.

Finally, in my view, the court disposed of both amended petitions together, as evidenced by the fact that it issued mutual orders of protection.  The parties obviously were antagonistic toward each other, and the court made findings with respect to the actions of each party against the other.  Further, the court warned the parties that it regarded the family offense petitions as relatively minor.  I agree with the court's admonition to the parties that they should not use the judicial system to resolve domestic disputes that are not of a serious nature.  Certainly, the "crimes" committed by both parties were minor and did not require police intervention.  I see no reason to disturb the court's credibility determinations with respect to petitioner's amended petition, just as we determined in petitioner's prior appeal that "[t]he court's 'assessment of the credibility of the witnesses is entitled to great weight' " (*Marquardt*, 94 AD3d 1436).

Entered:  July 6, 2012                           Frances E. Cafarell
                                                 Clerk of the Court