Martoche, J.
(dissenting). I respectfully dissent, and would affirm the order insofar as appealed from. In my view, petitioner husband established by a preponderance of the evidence that respondent wife committed a family offense, and I agree with the majority that Family Court’s finding that she did so is not academic despite the fact that the underlying order of protection has expired (see Matter of Hunt v Hunt, 51 AD3d 924, 925 [2008]). Preliminarily, I note that, in this proceeding, respondent filed an amended petition in which she accused petitioner of engaging in acts against her that constituted disorderly conduct, harassment, aggravated harassment and attempted as *1115 sault. The relevant acts included one incident in which petitioner screamed at respondent and ripped apart her rosary beads, and a second incident when, while calling respondent names, petitioner struck respondent with a door upon opening it and then tried to rip the door off its hinges. Petitioner in turn filed an amended family offense petition against respondent, alleging that she committed the family offenses of reckless endangerment, harassment and menacing. Specifically, petitioner alleged that on several occasions respondent opened capsules of controlled substances in his presence on eating surfaces in the kitchen even though he had informed her that he was allergic to the controlled substances. Petitioner further alleged that, despite his repeated protests, respondent continued to open the capsules in his presence. The court considered both amended petitions at the fact-finding hearing. The only witnesses were the parties and their relatives. The court granted stay away orders of protection against each party, which expired in March 2012. The court found that respondent “engaged in conduct constituting harassment in that she with the intent to harass or to alarm or annoy the petitioner did after being asked to refrain from doing so cut open medications on a kitchen counter where food is prepared with knowledge that . . . the petitioner has allergies to certain medications and would be annoyed and alarmed by the respondent continuing to engage in such conduct.” The court also found that petitioner committed the family offense of disorderly conduct, when he slammed the basement door with sufficient force to damage the door frame “in such a manner to frighten and alarm the [respondent],” and that petitioner committed another family offense of disorderly conduct, when he admittedly destroyed respondent’s rosary beads without justification. The court stated in its decision that “ninety percent of the testimony” at the hearing was “utter nonsense” and warned the parties that it would “not waste another entire day listening to what [it] considered] to be inane blather” if either party violated the orders of protection. In a previous appeal by petitioner, this Court affirmed the order determining, inter alia, that he committed a family offense against respondent (Matter of Marquardt v Marquardt, 94 AD3d 1436 [2012]).
In my view, the court’s “assessment of the credibility of the witnesses is entitled to great weight” (Matter of Scroger v Scroger, 68 AD3d 1777, 1778 [2009], lv denied 14 NY3d 705 [2010]). This case in particular is appropriate for application of our general rule deferring to the findings made by Family Court after the court has made credibility determinations. Here, the parties chose to avail themselves of the judicial system for acts *1116 that otherwise did not warrant police intervention. The majority concludes that petitioner failed to establish that respondent’s conduct served no legitimate purpose with respect to harassment in the second degree. I cannot agree with that conclusion. Petitioner testified that, while respondent may have needed to take her medication, she did not need to take her medication on eating surfaces in the kitchen and did so despite his objections to her conduct. The majority further concludes that petitioner failed to establish that he was allergic to the particular medication taken by respondent, but his testimony that he had allergies to the medications was credited by the court and I see no reason to disturb that factual determination. Similarly, the majority concludes that, with respect to harassment in the first degree, petitioner failed to establish that his fear of physical injury from respondent opening her medication was reasonable. The testimony of petitioner established, however, that he was allergic to many medicines and that he was fearful of ingesting respondent’s medications.
Finally, in my view, the court disposed of both amended petitions together, as evidenced by the fact that it issued mutual orders of protection. The parties obviously were antagonistic toward each other, and the court made findings with respect to the actions of each party against the other. Further, the court warned the parties that it regarded the family offense petitions as relatively minor. I agree with the court’s admonition to the parties that they should not use the judicial system to resolve domestic disputes that are not of a serious nature. Certainly, the “crimes” committed by both parties were minor and did not require police intervention. I see no reason to disturb the court’s credibility determinations with respect to petitioner’s amended petition, just as we determined in petitioner’s prior appeal that “[t]he court’s ‘assessment of the credibility of the witnesses is entitled to great weight’ ” (Marquardt, 94 AD3d 1436, 1437). Present — Smith, J.P., Fahey, Peradotto, Sconiers and Martoche, JJ.