—In a family offense proceeding pursuant to Family Court Act article 8, Booker Tony Favors III appeals from an order of protection of the Family Court, Queens County (Lebwohl, J.), dated February 28, 2012, which, after a hearing, and upon a finding that he had committed, inter alia, the family offense of disorderly conduct, directed him, among other things, to stay away from Leroy Hefley until and including February 24, 2013.
Ordered that the order of protection is affirmed, without costs or disbursements.
Although the order of protection expired by its own terms on February 24, 2013, in light of the enduring consequences which may potentially flow from a finding that the appellant committed a family offense, the appeal has not been rendered academic (see e.g. Matter of Wallace v Wallace, 45 AD3d 599 [2007]; Matter of DeSouza-Brown v Brown, 38 AD3d 888 [2007]; Matter of Rochester v Rochester, 26 AD3d 387, 388 [2006]; Matter of Kravitz v Kravitz, 18 AD3d 874 [2005]).
The Family Court’s determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record (see Matter of Pearlman v Pearlman, 78 AD3d 711, 712 [2010]; Matter of Wallace v Wallace, 45 AD3d 599 [2007]; Matter of Phillips v Laland, 4 AD3d 529 [2004]). The record supports the Family Court’s finding, based on a preponderance of the credible evidence, that the appellant committed an act constituting the family offense of disorderly conduct, warranting the issuance of an order of protection (see Family Ct Act §§ 812 [1]; 832; Penal Law § 240.20 [1]; Matter of Pearlman v Pearlman, 78 AD3d at 712; Matter of Medranda v Mondelli, 74 AD3d 972 [2010]).
*910 The appellant’s remaining contentions either are without merit or need not be reached in light of our determination. Skelos, J.E, Hall, Lott and Hinds-Radix, JJ., concur.