# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1321**
**CAF 12-00970**
PRESENT: SMITH, J.P., FAHEY, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF AMANDA R. DIETZMAN,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JASON E. DIETZMAN, RESPONDENT-APPELLANT.

---

FARES A. RUMI, ROCHESTER, FOR RESPONDENT-APPELLANT.

CHARLES J. GREENBERG, AMHERST, FOR PETITIONER-RESPONDENT.

LINDA M. JONES, ATTORNEY FOR THE CHILDREN, BATAVIA.

---

Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered April 26, 2012 in a proceeding pursuant to Family Court Act article 8. The order, among other things, directed respondent to stay away from petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to article 8 of the Family Court Act, respondent, the former husband of petitioner and the father of her two children, appeals from an order of protection directing him, inter alia, to stay away from petitioner. Contrary to respondent's contention, Family Court's finding that he committed the family offenses of assault in the third degree (Penal Law § 120.00 [1]), harassment in the second degree (§ 240.26 [1]), and disorderly conduct (§ 240.20 [1]) is supported by a preponderance of the evidence (*see Matter of Marquardt v Marquardt*, 97 AD3d 1112, 1113; *see generally* Family Ct Act § 812 [1]). The testimony presented at the fact-finding hearing established that respondent kicked petitioner in the face, resulting in bruises, swelling, and a cut lip requiring stitches, and that while on top of petitioner he put his hands around her neck to prevent her from breathing. The court's determination that respondent was not acting in self-defense is supported by the record and will not be disturbed (*see Matter of Medranda v Mondelli*, 74 AD3d 972, 972). We reject respondent's further contention that he was denied effective assistance of counsel (*see Matter of Amodea D.*, ___ AD3d ___ [Dec. 27, 2013]).

Entered: December 27, 2013                    Frances E. Cafarell
                                              Clerk of the Court