■ In the Matter of DAVID BRASLOW, Respondent, v SVETLANA BRASLOW, Appellant. [1 NYS3d 325]—

Appeals from an order of disposition, an order of probation, and an order of protection of the Family Court, Suffolk County (John H. Rouse, J.), all dated October 31, 2013. The order of disposition determined that the mother willfully violated a prior order of protection of that court, placed the mother on probation for one year from the date of the order of disposition and directed her to comply with related terms and conditions, and extended the prior order of protection, with stated modifications, for one year from the date of the order of disposition. The order of probation placed the mother on probation for a period not exceeding one year and directed her to comply with related terms and conditions. The order of protection directed the mother to observe stated conditions for one year from the date of the order.

Ordered that the appeal from the order of protection, the appeal from the order of probation, and the appeal from so much of the order of disposition as placed the mother on probation for one year from the date of that order and directed her to comply with related terms and conditions, and as extended the prior order of protection, with stated modifications, for one year from the date of the order of disposition, are dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from the order of protection, the appeal from the

order of probation, and the appeal from so much of the order of disposition as placed the mother on probation for one year from the date of that order and directed her to comply with related terms and conditions, and as extended the prior order of protection, with stated modifications, for one year from the date of the order of disposition have been rendered academic by the passing of the time limits contained therein (*see e.g. Matter of Bibolova v Radu*, 82 AD3d 1222, 1222-1223 [2011]; *Matter of Samora v Coutsoukis*, 292 AD2d 390, 391 [2002]). However, "in light of the enduring consequences which may potentially flow from an adjudication that a party has been found to have violated an order of the Family Court" (*Matter of Rubackin v Rubackin*, 62 AD3d 11, 12-13 [2009]), the appeal from so much of the order of disposition as found that the mother willfully violated the prior order of protection is not academic (*see id.*).

Under the circumstances, the evidence before the Family Court was sufficient to support its determination that the mother willfully violated the subject provision of the prior order of protection (*see Matter of Jazmone S.*, 48 AD3d 823 [2008]). Skelos, J.P., Dillon, Miller and LaSalle, JJ., concur.