■ In the Matter of CHRISTOPHER A. POCHAT, Respondent, v SHERI ANN POCHAT, Appellant. [3 NYS3d 112]—

Appeals from (1) an order of fact-finding and disposition of the Family Court, Nassau County (Conrad D. Singer, J.), dated July 19, 2013, and (2) an order of protection of that court also dated July 19, 2013. The order of fact-finding and disposition, after a fact-finding hearing, inter alia, found that Sheri Ann Pochat committed acts constituting certain family offenses and placed her on probation for a period of one year. The order of protection directed her to stay away from the petitioner until and including July 18, 2015.

Motion by the respondent to dismiss both appeals on the ground that they have been rendered academic. By decision and order on motion of this Court dated October 15, 2014, the motion was referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Ordered that the branch of the motion which is to dismiss the appeal from so much of the order of fact-finding and dispo-

sition as placed the appellant on probation for a period of one year is granted, and the motion is otherwise denied; and it is further,

Ordered that the order of fact-finding and disposition is modified, on the law and the facts, by deleting the provisions thereof finding that the appellant committed the family offenses of aggravated harassment in the second degree, harassment in the first degree, and disorderly conduct; as so modified, the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements; and it is further;

Ordered that the order of protection is affirmed, without costs or disbursements.

The appeal from so much of the order of fact-finding and disposition as placed the appellant on probation for a period of one year must be dismissed as academic, as the period of probation has expired by its own terms (*see Matter of Hubbard v Ponce DeLeon*, 108 AD3d 628 [2013]; *Matter of Rochester v Rochester*, 26 AD3d 387 [2006]; *Matter of Samora v Coutsoukis*, 292 AD2d 390 [2002]). However, the appeal from so much of the order of fact-finding and disposition as found that the appellant committed certain family offenses is not subject to dismissal as academic, "in light of the enduring consequences which may potentially flow from a finding that the appellant committed a family offense" (*Matter of Wallace v Wallace*, 45 AD3d 599, 599 [2007]; *see Matter of DeSouza-Brown v Brown*, 38 AD3d 888 [2007]; *Matter of Rochester v Rochester*, 26 AD3d at 388).

The finding that the appellant committed the family offense of aggravated harassment in the second degree must be vacated, as the Court of Appeals has declared that Penal Law § 240.30 (1), as it existed at the time of the decision on the petition, was unconstitutionally vague and overbroad (*see People v Golb*, 23 NY3d 455, 467-468 [2014]). Additionally, we find that the evidence did not establish that the appellant committed the family offenses of harassment in the first degree or disorderly conduct (*see Matter of Cassie v Cassie*, 109 AD3d 337 [2013]; *Matter of Marquardt v Marquardt*, 97 AD3d 1112 [2012]).

However, we find that a fair preponderance of the credible evidence adduced at the hearing established that the appellant committed the family offense of harassment in the second degree, when, with the intent to harass, annoy, or alarm another person, she engaged in a course of conduct which alarmed and seriously annoyed such other person, and which served no legitimate purpose (*see* Family Ct Act § 812 [1]; Penal Law

§ 240.26 [3]). Moreover, we reject the appellant's contention that her conduct was protected by the First Amendment (see *People v Shack*, 86 NY2d 529, 535-536 [1995]).

Based on the foregoing, there is no basis to disturb the order of protection. Skelos, J.P., Hall, Sgroi and Hinds-Radix, JJ., concur.