■ In the Matter of KERRYANN THOMPSON, Respondent, v KEVIN FAWCETT, Appellant. [14 NYS3d 906]—Appeal from an order of protection of the Family Court, Kings County (Steven Z. Mostofsky, J.), dated May 22, 2013. The order of protection directed the appellant, inter alia, to stay away from the petitioner until and including May 22, 2015.

Ordered that the order is affirmed, without costs or disbursements.

Although the order of protection expired by its own terms on May 22, 2015, the appeal has not been rendered academic in light of the enduring consequences which may potentially flow from a finding that the appellant committed a family offense (*see Matter of Pochat v Pochat*, 125 AD3d 660 [2015]; *Matter of Samida v Samida*, 116 AD3d 779 [2014]; *Matter of Hunt v Hunt*, 51 AD3d 924 [2008]; *Matter of Wallace v Wallace*, 45 AD3d 599, 599 [2007]).

"In a family offense proceeding, the petitioner has the burden of establishing, by a 'fair preponderance of the evidence,' that the charged conduct was committed as alleged in the petition" (*Matter of Cassie v Cassie*, 109 AD3d 337, 340 [2013], quoting Family Ct Act § 832; *see Matter of Monos v Monos*, 123 AD3d 931 [2014]; *Matter of Blackett v Blackett*, 123 AD3d 923 [2014]). Whether a family offense was committed is a factual issue resolved by the hearing court (*see* Family Ct Act §§ 812, 832; *Matter of Blackett v Blackett*, 123 AD3d at 923; *Matter of Hodiantov v Aronov*, 110 AD3d 881 [2013]; *Matter of Kaur v Singh*, 73 AD3d 1178 [2010]). The hearing court's determination regarding witnesses' credibility is entitled to great weight on appeal and will not be disturbed unless clearly unsupported by the record (*see Matter of Deepti v Kaushik*, 126 AD3d 790 [2015]; *Matter of Shiffman v Handler*, 115 AD3d 753 [2014]; *Matter of Creighton v Whitmore*, 71 AD3d 1141, 1141 [2010]).

The Family Court's determination that the appellant committed the family offense of harassment in the second degree (*see* Penal Law § 240.26 [3]) is supported by a fair preponderance of the evidence adduced at the hearing, and will not be disturbed (*see Matter of Pochat v Pochat*, 125 AD3d at 661-662). Leventhal, J.P., Miller, Hinds-Radix and Maltese, JJ., concur.