■ In the Matter of Nermin Armanious, Respondent, v George Armanious, Appellant. [60 NYS3d 188]—Appeal by George Armanious from an order of protection of the Family Court, Richmond County (Alison M. Hamanjian, Ct. Att. Ref.), dated September 15, 2016. The order, upon a finding that the appellant committed the family offense of harassment in the second degree, made after a hearing, directed the appellant, among other things, to stay away from the petitioner until and including September 15, 2017.

Ordered that the order of protection is affirmed, without costs or disbursements.

In a family offense proceeding, the petitioner has the burden of establishing, by a fair preponderance of the evidence, that the charged conduct was committed as alleged in the petition (see Family Ct Act § 832; Matter of Jordan v Verni, 139 AD3d 1067, 1068 [2016]; Matter of Thompson v Fawcett, 131 AD3d 620 [2015]; Matter of Pochat v Pochat, 125 AD3d 660, 661 [2015]). The determination of whether a family offense was

committed is a factual issue to be resolved by the hearing court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record (*see Matter of Crenshaw v Thorpe-Crenshaw*, 146 AD3d 951, 952 [2017]; *Matter of Konstatine v Konstatine*, 107 AD3d 994 [2013]).

Here, according due deference to the credibility determinations of the Family Court, a fair preponderance of the evidence adduced at the fact-finding hearing supported a finding that the appellant committed the family offense of harassment in the second degree (*see* Penal Law § 240.26 [1]; *Matter of Frimer v Frimer*, 143 AD3d 895, 896 [2016]; *Matter of Molina v Hart*, 143 AD3d 723 [2016]; *Matter of Savas v Bruen*, 139 AD3d 737, 738 [2016]). The court credited the testimony of the petitioner (*see Matter of Kiani v Kiani*, 134 AD3d 1036, 1038 [2015]), and the court's determination is supported by the record. Thus, there is no basis to disturb the court's determination (*see id.* at 1038).

The appellant's remaining contentions are without merit. Rivera, J.P., Dillon, Connolly and Iannacci, JJ., concur.