Matter of Parra v Ponce (2018 NY Slip Op 06543)





Matter of Parra v Ponce


2018 NY Slip Op 06543


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-00109
 (Docket No. O-10444-17)

[*1]In the Matter of Norma Parra, respondent, 
v
Victor Ponce, appellant.


Warren S. Hecht, Forest Hills, NY, for appellant.
Eric Perlmutter, Jamaica, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the husband appeals from an order of fact-finding and disposition of the Family Court, Queens County (Marilyn Zarrello, Ct. Atty. Ref.), dated November 29, 2017. The order, after a fact-finding hearing, found that the husband committed the family offenses of menacing in the third degree and disorderly conduct, and directed him, inter alia, to stay away from the wife for a period of one year as set forth in an order of protection of the same court, also dated November 29, 2017.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
The petitioner filed a family offense petition in the Family Court, seeking an order of protection against the appellant, her husband. After a fact-finding hearing, the court found that the appellant committed the family offenses of menacing in the third degree and disorderly conduct, and issued an order of protection directing the appellant, inter alia, to stay away from the petitioner for a period of one year.
"A family offense must be established by a fair preponderance of the evidence" (M.B. v L.T., 152 AD3d 475, 476; see Family Ct Act § 832; Matter of Zhuo Hong Zheng v Hsin Cheng, 144 AD3d 1166, 1167). "The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal unless clearly unsupported by the record" (M.B. v L.T., 152 AD3d at 476; see Matter of Armanious v Armanious, 152 AD3d 674; Matter of Crenshaw v Thorpe-Crenshaw, 146 AD3d 951, 952).
Here, the Family Court's credibility determinations are supported by the record and will not be disturbed. According due deference to those determinations, a fair preponderance of the evidence adduced at the fact-finding hearing supported the findings that the appellant committed the family offenses of menacing in the third degree and disorderly conduct (see Family Ct Act § 812[1]; Penal Law §§ 240.26; 120.15), warranting issuance of an order of protection.
BALKIN, J.P., SGROI, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court