Matter of Cousineau v Ranieri (2020 NY Slip Op 04041)





Matter of Cousineau v Ranieri


2020 NY Slip Op 04041


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, CURRAN, AND WINSLOW, JJ.


578 CAF 19-00905

[*1]IN THE MATTER OF JULIANNE MARIE COUSINEAU, PETITIONER-RESPONDENT,
v
FRANK STEVEN RANIERI, RESPONDENT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN N. MCDERMOTT OF COUNSEL), FOR RESPONDENT-APPELLANT.


 Appeal from an order of the Family Court, Onondaga County (William W. Rose, R.), entered April 22, 2019 in a proceeding pursuant to Family Court Act article 8. The order, among other things, directed respondent to stay away from petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent appeals from an order of protection issued in a proceeding pursuant to Family Court Act article 8 upon a finding that he committed family offenses against petitioner. The family offenses occurred during the time when petitioner sought to break off a five-year relationship with respondent and have him move out of her residence. Contrary to respondent's contention, reversal is not mandated on the ground that Family Court based its determination, in part, on incidents not alleged in the petition. Inasmuch as respondent has failed to make any showing of prejudice, we exercise our discretion pursuant to CPLR 3025 (c) to deem the petition amended to conform to the proof presented at the hearing (see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [2014]; Matter of Pittsford Gravel Corp. v Zoning Bd. of Town of Perinton, 43 AD2d 811, 812 [4th Dept 1973], lv denied 34 NY2d 618 [1974]; Harbor Assoc. v Asheroff, 35 AD2d 667, 668 [2d Dept 1970], lv denied 27 NY2d 490 [1970]; see also Matter of Oksoon K. v Young K., 115 AD3d 486, 487 [1st Dept 2014], lv denied 24 NY3d 902 [2014], rearg denied 24 NY3d 1029 [2014]).
The record supports the court's determination that petitioner met her burden of establishing by a preponderance of the evidence that respondent committed the family offense of harassment in the second degree (Penal Law § 240.26 [1]; cf. Matter of Marquardt v Marquardt, 97 AD3d 1112, 1113-1114 [4th Dept 2012]). Petitioner testified that respondent pushed her twice during an argument, and respondent himself admitted one of the pushes. The record further supports the court's determination that respondent committed the family offense of stalking in the fourth degree (§ 120.45 [1]) by engaging in a course of conduct he should have reasonably known would likely cause reasonable fear of material harm to the physical health, safety, or property of petitioner. Evidence supporting the course of conduct included testimony that respondent twice violated a temporary order of protection issued by the court, that he pushed petitioner down on a bed to kiss her, and that he threatened to burn down petitioner's house and to beat her physically to the point that she would require hospitalization.
We agree with respondent that petitioner's testimony of the above verbal threats, without more, cannot establish that he committed the family offense of menacing in the third degree (Penal Law § 120.15) inasmuch as the statute "requires physical menace' " (Matter of Akheem B., 308 AD2d 402, 403 [1st Dept 2003], lv denied 1 NY3d 506 [2004]). We nevertheless conclude that the course of conduct supporting the determination that respondent committed stalking in the fourth degree also supports the determination that respondent committed the family offense of menacing in the second degree
(§ 120.14 [2]). The fact that petitioner was placed in " reasonable fear of physical injury' " by respondent's course of conduct "can readily be inferred from [the] conduct and the . . . circumstances" surrounding the dissolution of the parties' relationship (People v Ullah, 130 AD3d 759, 760 [2d Dept 2015], lv denied 26 NY3d 1043 [2015]).
In light of the evidence supporting the three family offenses, petitioner established that an order of protection in her favor was warranted (see Family Ct Act § 812 [1]). Contrary to respondent's final contention, we conclude that the court did not abuse its discretion in issuing the order of protection for a duration of two years (see §§ 841 [d]; 842; see generally Matter of Beck v Butler, 87 AD3d 1410, 1411 [4th Dept 2011], lv denied 18 NY3d 801 [2011]).
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court