Matter of Stephanie E. v Efrain G. (2021 NY Slip Op 01230)





Matter of Stephanie E. v Efrain G.


2021 NY Slip Op 01230


Decided on March 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 02, 2021

Before: Gische, J.P., Mazzarelli, González, Mendez, JJ. 


Docket No. O-05482/20 Appeal No. 13235 Case No. 2020-03420 

[*1]In the Matter of Stephanie E., Petitioner-Respondent,
v
Efrain G. Respondent-Appellant.


Steven N. Feinman, White Plains, for appellant.
Law Office of Bruce A. Young, New York (Bruce A. Young of counsel), for respondent.



Order, Family Court, New York County (Javier E. Vargas, J.), entered on or about July 1, 2020 which, upon a fact-finding determination that respondent committed the family offense of harassment in the second degree, ordered respondent excluded from the residence and granted petitioner a two-year order of protection, unanimously affirmed, without costs.
A fair preponderance of the evidence (Family Court Act § 832) supports the Family Court's finding that respondent committed acts constituting the family offense of harassment in the second degree (see Penal Law § 240.26[3]; Matter of Alquidamia E.R. v Luis A., 159 AD3d 477 [1st Dept 2018]). Petitioner testified that respondent threatened to knock her out, shoved her repeatedly while cursing and yelling at her and commenced yelling and cursing at her again when the police arrived to escort him from the residence, and that it was not an isolated occurrence, respondent having behaved similarly with threats to get her evicted some time previously. This caused her to be frightened for her safety and for that of the parties' adult son who resided with her and witnessed the outbursts.
Despite the fact that the parties' testimony, as necessitated by the Covid-19 pandemic, occurred telephonically, there exists no basis for disturbing the Family Court's credibility determinations (see Matter of Veronica P. v Radcliff A., 126 AD3d 492 [1st Dept 2015], lv denied 25 NY3d 911 [2015]; Matter of Hunt v Hunt, 51 AD3d 924 [2d Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 2, 2021