Matter of Harvey v Harvey (2023 NY Slip Op 01630)

Matter of Harvey v Harvey

2023 NY Slip Op 01630

Decided on March 24, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

285 CAF 22-00474

[*1]IN THE MATTER OF DORCELIA M. HARVEY, PETITIONER-RESPONDENT,
v
TIMOTHY P. HARVEY, RESPONDENT-APPELLANT. 

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR RESPONDENT-APPELLANT.

 Appeal from an order of the Family Court, Steuben County (Philip J. Roche, J.), entered March 11, 2022 in a proceeding pursuant to Family Court Act article 8. The order granted petitioner an order of protection against respondent. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 8, respondent appeals from an order of protection entered upon a finding that he committed the family offense of harassment in the second degree against petitioner, respondent's mother (see Penal Law § 240.26 [1]; see also Family Ct Act § 812 [1]). We affirm.
"A petitioner bears the burden of proving by a preponderance of the evidence that respondent committed a family offense" (Matter of Washington v Davis, 207 AD3d 1078, 1079 [4th Dept 2022], lv denied 39 NY3d 902 [2022] [internal quotation marks omitted]; see Matter of Marquardt v Marquardt, 97 AD3d 1112, 1113 [4th Dept 2012]). "The determination of whether a family offense was committed is a factual issue to be resolved by the [court], and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record" (Washington, 207 AD3d at 1079 [internal quotation marks omitted]; see Matter of Scroger v Scroger, 68 AD3d 1777, 1778 [4th Dept 2009], lv denied 14 NY3d 705 [2010]). As relevant here, a person commits harassment in the second degree when, "with intent to harass, annoy or alarm another person . . . [h]e or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same" (Penal Law § 240.26 [1]). Petitioner testified at the fact-finding hearing that respondent struck her in the back of the head as she drove and that he threatened to harm her. We therefore conclude that, contrary to respondent's contention, petitioner established by a preponderance of the evidence that respondent committed acts constituting harassment in the second degree (see Matter of Cousineau v Ranieri, 185 AD3d 1421, 1422 [4th Dept 2020], lv denied 35 NY3d 917 [2020]).
Entered: March 24, 2023
Ann Dillon Flynn
Clerk of the Court