# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1234**

**CAF 12-02085**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF MEGYN J.B., ON BEHALF OF
HEATHER M.-D., PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CORY A.D., RESPONDENT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR RESPONDENT-APPELLANT.

PAUL B. WATKINS, FAIRPORT, FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Family Court, Monroe County (John J. Rivoli, J.H.O.), entered October 3, 2012 in a proceeding pursuant to Family Court Act article 8.  The order, among other things, directed respondent to stay away from Heather M.-D.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  In this family offense proceeding pursuant to article 8 of the Family Court Act, respondent appeals from a two-year order of protection issued against him on behalf of his 17-year-old daughter.  The order was issued following a determination by Family Court that respondent committed the family offense of harassment in the second degree (*see* Family Ct Act § 832; Penal Law § 240.26 [1]).  Respondent contends that the order must be vacated because petitioner, the child's mother and respondent's ex-wife, failed to prove by a preponderance of the evidence that he harassed his daughter.  We reject that contention.

"A petitioner bears the burden of proving by a preponderance of the evidence that respondent committed a family offense" (*Matter of Marquardt v Marquardt*, 97 AD3d 1112, 1113).  "A respondent's conduct forms the basis for a family offense predicated on harassment in the second degree when 'with intent to harass, annoy or alarm another person . . . [h]e or she strikes, shoves, kicks or otherwise subjects another person to physical contact' " (*Matter of Anthony J. v David K.*, 70 AD3d 1220, 1221, quoting Penal Law § 240.26 [1]; *see* Family Ct Act § 812 [1]).  "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal, and will not be disturbed unless clearly unsupported by the record" (*Matter of Medranda v Mondelli*, 74

AD3d 972, 972).

Here, respondent's daughter testified that he punched her in the face, grabbed her arms and shoved her onto a couch. At the time, petitioner had been awarded sole custody of the child and respondent's visitation was supervised. The incident took place in petitioner's residence, and respondent did not have permission from anyone to be there. Respondent testified that he grabbed his daughter in an attempt to take her cell phone from her as a form of punishment, but he denied punching her. Accepted as true, the daughter's testimony that respondent punched and grabbed her was sufficient to establish that he committed the family offense of harassment. Although, as respondent points out, the court did not explicitly find that all of the daughter's testimony was true, we note that the court likewise did not explicitly reject any of her testimony. The court's finding that "the testimony of both parties" established respondent's commission of the family offense is supported by the record.

Finally, respondent failed to preserve for our review his contention that he was justified in using physical force against his daughter. In any event, that contention lacks merit (*see generally* Penal Law § 35.10 [1]).

Entered:  January 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court