# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

904

CAF 14-01146

PRESENT: SCUDDER, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

---

IN THE MATTER OF GRETCHEN R. BURNS,
PETITIONER-APPELLANT,

               V                                          MEMORANDUM AND ORDER

ROBERT J. HERROD, RESPONDENT-RESPONDENT.
----------------------------------------
IN THE MATTER OF ROBERT J. HERROD,
PETITIONER-RESPONDENT,

               V

GRETCHEN R. BURNS, RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

SUSAN JAMES, WATERLOO, FOR PETITIONER-APPELLANT AND RESPONDENT-APPELLANT.

TERRENCE J. BAXTER, CORNING, FOR RESPONDENT-RESPONDENT AND PETITIONER-RESPONDENT.

WENDY S. SISSON, ATTORNEY FOR THE CHILDREN, GENESEO.

---

    Appeal from an order of the Family Court, Allegany County (Thomas P. Brown, J.), entered May 15, 2014 in a proceeding pursuant to Family Court Act article 6. The order dismissed the modification and violation petitions of Gretchen R. Burns and granted the modification petitions of Robert J. Herrod.

    It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

    Memorandum: In these consolidated appeals, petitioner-respondent mother appeals from three orders that, following a hearing, dismissed the mother's modification and violation petitions, granted respondent-petitioner father's cross petitions seeking, inter alia, to modify a prior order of custody and visitation, and awarded the father sole custody of the parties' children with limited visitation to the mother. Contrary to the contention of the mother and the Attorney for the Children, we conclude that Family Court's best interests determination is supported by a sound and substantial basis in the record and that the court properly considered the appropriate factors in awarding sole custody to the father (*see Matter of Tarrant v Ostrowski*, 96 AD3d 1580, 1582, *lv denied* 20 NY3d 855; *see generally*

*Fox v Fox*, 177 AD2d 209, 210). " 'It is well settled . . . that [a] concerted effort by one parent to interfere with the other parent's contact with the child[ren] is so inimical to the best interests of the child[ren] . . . as to, per se, raise a strong probability that [the interfering parent] is unfit to act as custodial parent' " (*Matter of Orzech v Nikiel*, 91 AD3d 1305, 1306), and here the evidence established that the mother made numerous unfounded reports of alleged abuse of the children to Child Protective Services (*see Matter of Gelster v Burns*, 122 AD3d 1294, 1295-1296, *lv denied* 24 NY3d 915; *Matter of Eck v Eck*, 57 AD3d 1243, 1244-1245; *Matter of Beyer v Tranelli-Ashe*, 195 AD2d 972, 972-973). The evidence further established that the mother violated a prior court order forbidding her from taking the children with her to visit her husband in prison (*see Matter of Lopez v Lugo*, 115 AD3d 1237, 1238). In addition, the record supports the court's determination that the father was able to provide a more stable home environment and was better able to meet the children's needs than the mother, who suffered from mental health issues, was unfamiliar with the children's developmental and educational needs, and had repeatedly relocated to the detriment of the children (*see e.g. Matter of Tod ZZ. v Paula ZZ.*, 113 AD3d 1005, 1006-1007; *Matter of Moore v Moore*, 78 AD3d 1630, 1630-1631, *lv denied* 16 NY3d 704). Although the mother is correct that the children's wishes were a necessary factor to consider, "the '[c]ourt [was], of course, not required to abide by the wishes of [the] child[ren] to the exclusion of other factors in the best interests analysis' " (*Matter of Marino v Marino*, 90 AD3d 1694, 1696). "[A] court's determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record" (*id.* at 1695 [internal quotation marks omitted]), and here there is ample evidence to support the court's award of sole custody of the children to the father with limited visitation to the mother.

Entered:  October 9, 2015                    Frances E. Cafarell
                                             Clerk of the Court