# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**213**
**CA 15-01609**
PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, CURRAN, AND SCUDDER, JJ.

---

DARA R. CUNNINGHAM, PLAINTIFF-APPELLANT,

V

MEMORANDUM AND ORDER

ARLYN C. CUNNINGHAM, JR., DEFENDANT-RESPONDENT.
(APPEAL NO. 3.)

---

MICHAEL STEINBERG, ROCHESTER, FOR PLAINTIFF-APPELLANT.

J. SCOTT PORTER, SENECA FALLS, FOR DEFENDANT-RESPONDENT.

TIFFANY M. SORGEN, ATTORNEY FOR THE CHILD, CANANDAIGUA.

---

Appeal from a judgment of the Supreme Court, Yates County (Dennis F. Bender, A.J.), entered July 24, 2015 in a divorce action. The judgment, insofar as appealed from, awarded defendant sole legal custody of the parties' child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: These consolidated appeals arise from litigation that began when plaintiff-petitioner (mother) commenced an action for divorce and ancillary relief against defendant-respondent (father). Within that pending action, the father filed an order to show cause seeking custody of the parties' child, and the mother filed a family offense petition against the father. In appeal No. 1, the mother appeals from an order that, inter alia, granted custody of the parties' child to the father and dismissed her family offense petition and, in appeal No. 2, she appeals from a further order that denied her motion for leave to renew with respect to the prior order. In appeal No. 3, she appeals from a judgment of divorce that, insofar as appealed from, awarded sole legal custody of the parties' child to the father.

Initially, we dismiss the appeal from that part of the order in appeal No. 1 awarding custody of the parties' child to the father, and we also dismiss appeal No. 2, because the right of appeal from those orders terminated upon entry of the final judgment (*see Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988, 988). The issues in those appeals are brought up for review on appeal from the final judgment in appeal No. 3 (*see* CPLR 5501 [a] [1]). We note, however, that the part of the order in appeal No. 1 that dismissed the mother's family offense petition constituted the final resolution of that petition,

and thus that part of the appeal from the order in appeal No. 1 is properly before us.

We reject the mother's contention in appeal No. 1 that Supreme Court erred in dismissing her family offense petition. "The determination whether [the father] committed a family offense was a factual issue for the court to resolve, and '[the] court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed [where, as here, it is] supported by the record' " (*Matter of Martin v Flynn*, 133 AD3d 1369, 1370; *see Matter of Megyn J.B. v Cory A.D.*, 113 AD3d 1086, 1086).

In appeal No. 3 and the parts of all of the other appeals that are brought up for review on appeal from the final judgment, we reject the mother's contention that the court erred in awarding custody of the parties' child to the father. It is well settled that, when making a child custody determination, "the court must consider all factors that could impact the best interests of the child, including the existing custody arrangement, the current home environment, the financial status of the parties, the ability of each parent to provide for the child's emotional and intellectual development and the wishes of the child . . . No one factor is determinative because the court must review the totality of the circumstances" (*Matter of Marino v Marino*, 90 AD3d 1694, 1695; *see generally Eschbach v Eschbach*, 56 NY2d 167, 171-174; *Matter of Cross v Caswell*, 113 AD3d 1107, 1107). "A court's custody determination, including its evaluation of a child's best interests, is entitled to great deference and will not be disturbed [where, as here,] it is supported by a sound and substantial basis in the record" (*Sheridan v Sheridan*, 129 AD3d 1567, 1568; *see Matter of Burns v Herrod*, 132 AD3d 1336, 1337; *Matter of LaMay v Staves*, 128 AD3d 1485, 1485-1486). The court's determination is supported by the evidence in the record, including that the mother placed the child in a home-schooling program in order to permit the mother to relocate with the child in contravention of the court's prior orders, and that the mother is only home schooling the child a maximum of one day per week. In addition, we see no reason to overturn the court's determination not to credit the mother's version of the events underlying her claims of domestic violence and sexual abuse.

The mother's contentions with respect to the Attorney for the Child are not properly before us because they are raised for the first time in her reply brief (*see Matter of Warren v Miller*, 132 AD3d 1352, 1354; *Matter of Yorimar K.-M.*, 309 AD2d 1148, 1149).

Entered: March 25, 2016                          Frances E. Cafarell
                                                 Clerk of the Court