# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**54**

**CAF 14-00089**

PRESENT: SMITH, J.P., CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

IN THE MATTER OF MARY I. WHITNEY,
PETITIONER-RESPONDENT,

V                                        MEMORANDUM AND ORDER

FRANK JUDGE, RESPONDENT-APPELLANT.

---

CHARLES T. NOCE, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR RESPONDENT-APPELLANT.

---

Appeal from an order of the Supreme Court, Monroe County (Gail A. Donofrio, J.), entered December 20, 2013 in a proceeding pursuant to Family Court Act article 8. The order, among other things, directed respondent to stay away from petitioner.

It is hereby ORDERED that the order of protection so appealed from is unanimously affirmed without costs and the findings in the underlying decision dated December 13, 2013 that respondent committed the family offenses of harassment in the first degree and aggravated harassment in the second degree under Penal Law § 240.30 (former [1]) are vacated.

Memorandum: In a proceeding pursuant to Family Court Act article 8, respondent appeals from an order of protection that, after a fact-finding hearing, and upon a related decision, made after the hearing, found that he committed family offenses against petitioner. We note at the outset that respondent's contention that a dispositional hearing was required to permit him an opportunity to contest various aspects of the order of protection is moot. The order of protection expired by its terms on December 19, 2015, and respondent's contentions on appeal concerning the terms of that order "will not, at this juncture, directly affect the rights and interests of the parties" (*Matter of Gansburg v Gansburg*, 127 AD2d 766, 766). We conclude, however, that respondent's challenges to the findings that he committed family offenses are properly before us, " 'in light of enduring consequences which may potentially flow from an adjudication that a party has committed a family offense' " (*Matter of Hunt v Hunt*, 51 AD3d 924, 925).

We agree with respondent that the evidence is legally insufficient to establish that he committed the family offense of harassment in the first degree. We conclude that petitioner did not sustain her burden of establishing by a preponderance of the evidence that respondent "intentionally and repeatedly harasse[d] another

person by following such person in or about a public place or places"
(Penal Law § 240.25).  We therefore vacate the finding in the
underlying decision that respondent committed the family offense of
harassment in the first degree (*see Matter of Hodiantov v Aronov*, 110
AD3d 881, 882; *Matter of Sinclair v Batista-Mall*, 50 AD3d 1044, 1044).
We also vacate the finding therein that respondent committed the
family offense of aggravated harassment in the second degree insofar
as that finding is premised on former subdivision (1) of Penal Law
§ 240.30, inasmuch "as the Court of Appeals has declared that Penal
Law § 240.30 (1), as it existed at the time of the decision on the
petition, was unconstitutionally vague and overbroad" (*Matter of
Pochat v Pochat*, 125 AD3d 660, 661, *lv denied* 25 NY3d 905, citing
*People v Golb*, 23 NY3d 455, 467-468, *rearg denied* 24 NY3d 932, *cert
denied* ___ US ___, 135 S Ct 1009).

We further conclude, however, that the proof is legally
sufficient to establish that respondent committed the family offense
of aggravated harassment in the second degree as defined in former
subdivision (2) of Penal Law § 240.30.  Petitioner testified that,
after she had ended their relationship and asked respondent to cease
communicating with her, respondent called her, sent her text messages,
and left her voicemail messages in an excessive manner.  She further
testified that respondent threatened her and was verbally abusive
during certain telephone calls.  The court's "assessment of the
credibility of the witnesses is entitled to great weight" (*Matter of
Danielle S. v Larry R.S.*, 41 AD3d 1188, 1189), and the record supports
the court's determination that petitioner met her burden of
establishing by a preponderance of the evidence that respondent
committed acts constituting the crime of aggravated harassment in the
second degree (§ 240.30 [former (2)]), thus warranting the issuance of
an order of protection in favor of petitioner (*see* Family Ct Act § 812
[1]; *Danielle S.*, 41 AD3d at 1189).

Entered:  April 29, 2016                        Frances E. Cafarell
                                                Clerk of the Court