Matter of Mauro v Costello (2018 NY Slip Op 04124)





Matter of Mauro v Costello


2018 NY Slip Op 04124


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


347 CAF 17-01113

[*1]IN THE MATTER OF RAYMOND J. MAURO, PETITIONER-APPELLANT,
v
CHEYENNE L. COSTELLO, RESPONDENT-RESPONDENT. 






HUNT & BAKER, HAMMONDSPORT (TRAVIS J. BARRY OF COUNSEL), FOR PETITIONER-APPELLANT.
ROSEMARIE RICHARDS, GILBERTSVILLE, FOR RESPONDENT-RESPONDENT. 
SARA E. ROOK, ROCHESTER, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Steuben County (Matthew K. McCarthy, A.J.), entered January 5, 2017 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, dismissed the violation petition. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting petitioner's violation petition, and as modified the order is affirmed without costs in accordance with the following memorandum: Petitioner father appeals from an order that, inter alia, denied his petition seeking to modify a prior custody order entered on consent by awarding him sole physical custody of the parties' child and dismissed his violation petition. We reject the father's contention that Family Court erred in continuing custody with respondent mother. Initially, we conclude that the father established the requisite change in circumstances to warrant an inquiry into whether the best interests of the child would be served by a change in custody by establishing, inter alia, that the mother had been arrested (see Matter of Jeremy J.A. v Carley A., 48 AD3d 1035, 1036 [4th Dept 2008]). Nevertheless, we further conclude that the court properly determined that primary physical custody with the mother is in the child's best interests (see generally Matter of Higgins v Higgins, 128 AD3d 1396, 1396 [4th Dept 2015]). The record establishes that the conditions of the father's parole, which have not been modified to allow for custody under these circumstances, require that the father's contact with the child be supervised. Thus, while the best interests factors favor the father in several significant respects, there is a sound and substantial basis in the record supporting the court's determination that primary physical custody with the mother is in the child's best interests inasmuch as there is a legal impediment to the relief sought by the father (see Cunningham v Cunningham, 137 AD3d 1704, 1705 [4th Dept 2016]).
We agree with the father, however, that the court erred in denying his violation petition, and we therefore modify the order accordingly. " To sustain a finding of civil contempt based upon a violation of a court order, it is necessary to establish that a lawful court order clearly expressing an unequivocal mandate was in effect and that the person alleged to have violated that order had actual knowledge of its terms' " (Matter of Petkovsek v Snyder [appeal No. 2], 251 AD2d 1085, 1085 [4th Dept 1998]). "In addition, it must be established that the offending conduct defeated, impaired, impeded, or prejudiced' a right or remedy of the complaining party" (id., quoting Judiciary Law § 753 [A]; see Family Ct Act § 156). In this matter, the terms of the consent order were unequivocal and the mother repeatedly violated the terms, particularly with respect to communication and visitation. The father struggled to maintain telephone contact with the child, because the mother's phone number frequently changed and she failed to notify the father of those changes. Indeed, at times the mother prevented the father from speaking with the child for weeks. Moreover, the consent order mandated that the father was to have Skype contact with the child one time per week, and the mother failed to comply with that directive. Thus, the [*2]father established by clear and convincing evidence that the mother violated the consent order (see El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015]), and the mother is therefore advised to abide by both her visitation and communication obligations.
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court