Matter of Brant v Widger (2019 NY Slip Op 08319)





Matter of Brant v Widger


2019 NY Slip Op 08319


Decided on November 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1063 CAF 18-00928

[*1]IN THE MATTER OF BRYAN M. BRANT, PETITIONER-RESPONDENT,
v
DARLENE M. WIDGER, RESPONDENT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN N. MCDERMOTT OF COUNSEL), FOR RESPONDENT-APPELLANT. 


 Appeal from an order of the Family Court, Onondaga County (Karen Stanislaus, R.), entered April 26, 2018 in a proceeding pursuant to Family Court Act article 8. The order, among other things, directed respondent to stay away from petitioner. 
It is hereby ORDERED that the order of protection so appealed from is unanimously affirmed without costs and the finding in the underlying oral decision of April 26, 2018 that respondent committed the family offense of aggravated harassment in the second degree under Penal Law § 240.30 (1) (a) is vacated.
Memorandum: In a proceeding pursuant to Family Court Act article 8, respondent appeals from an order of protection that, after a fact-finding hearing and upon a related decision made after the hearing, found that she committed family offenses against petitioner. We note at the outset that respondent's contention that a dispositional hearing was required is moot. The order of protection expired by its terms on April 11, 2019, and respondent's contention on appeal concerning the terms of that order "will not, at this juncture, directly affect the rights and interests of the parties" (Matter of Whitney v Judge, 138 AD3d 1381, 1382 [4th Dept 2016], lv denied 27 NY3d 911 [2016] [internal quotation marks omitted]; see Matter of Gansburg v Gansburg, 127 AD2d 766, 766 [2d Dept 1987]). We conclude, however, that respondent's challenges to the findings that she committed family offenses are properly before us " in light of enduring consequences which may potentially flow from an adjudication that a party has committed a family offense' " (Matter of Hunt v Hunt, 51 AD3d 924, 925 [2d Dept 2008]; see Whitney, 138 AD3d at 1382).
Petitioner testified that he received an anonymous telephone call from an individual whose voice he recognized to be respondent's. The caller called him "a pathetic piece of shit" and told him that he "deserve[d] to die" and "sit in jail forever." Petitioner received approximately 5 to 10 anonymous hang-up telephone calls per day for the next three days. Petitioner thereafter filed the instant family offense petition, and the calls stopped following entry of a temporary order of protection against respondent.
We agree with respondent that the evidence is legally insufficient to establish that she committed the family offense of aggravated harassment in the second degree under Penal Law § 240.30 (1) (a). We conclude that petitioner did not sustain his burden of establishing by a fair preponderance of the evidence that "a threat to cause physical harm to, or unlawful harm to the property of [petitioner], or a member of [petitioner's] same family or household" was communicated during the initial anonymous telephone call (id.; see Family Ct Act § 832; cf. Matter of Jennifer G. v Benjamin H., 84 AD3d 1433, 1435 [3d Dept 2011]). We therefore vacate the finding in the underlying decision that respondent committed the family offense of aggravated harassment in the second degree under Penal Law § 240.30 (1) (a) (see Whitney, 138 AD3d at 1382; Matter of Hodiantov v Aronov, 110 AD3d 881, 882 [2d Dept 2013]).
We further conclude, however, that petitioner sustained his burden of establishing by a fair preponderance of the evidence that respondent committed the family offense of aggravated harassment in the second degree as defined in subdivision (2) of Penal Law § 240.30. Contrary to respondent's contention, the evidence is sufficient to establish respondent's identity as the anonymous hang-up caller. "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal, and will not be disturbed unless clearly unsupported by the record" (Matter of Megyn J.B. v Cory A.D., 113 AD3d 1086, 1086 [4th Dept 2014] [internal quotation marks omitted]; see Whitney, 138 AD3d at 1383). The record supports the court's determination that petitioner met his burden of establishing by a fair preponderance of the evidence that respondent committed acts constituting the crime of aggravated harassment in the second degree (§ 240.30 [2]), thus warranting the issuance of an order of protection in favor of petitioner (see Family Ct Act § 812 [1]; Matter of Danielle S. v Larry R.S., 41 AD3d 1188, 1189 [4th Dept 2007]).
Entered: November 15, 2019
Mark W. Bennett
Clerk of the Court