Matter of LaBella v Robertaccio (2021 NY Slip Op 00960)





Matter of LaBella v Robertaccio


2021 NY Slip Op 00960


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, WINSLOW, AND BANNISTER, JJ.


936 CAF 20-00306

[*1]IN THE MATTER OF FREDERICK A. LABELLA, PETITIONER-RESPONDENT,
v
GABRIELLE M. ROBERTACCIO, RESPONDENT-APPELLANT. - KIMBERLY M. SEAGER, ESQ., ATTORNEY FOR THE CHILD, APPELLANT; AND SHARON P. O'HANLON, ESQ., ATTORNEY FOR THE CHILD, APPELLANT. 






PETER J. DIGIORGIO, JR., UTICA, FOR RESPONDENT-APPELLANT.
KIMBERLY M. SEAGER, FULTON, ATTORNEY FOR THE CHILD, APPELLANT PRO SE.
SHARON P. O'HANLON, SYRACUSE, ATTORNEY FOR THE CHILD, APPELLANT PRO SE. 
COHEN & COHEN, UTICA (RICHARD A. COHEN OF COUNSEL), FOR PETITIONER-RESPONDENT.


 Appeals from an order of the Family Court, Oneida County (Randal B. Caldwell, J.), entered December 17, 2019 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted primary physical residence of the older subject child to petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother and each appellate Attorney for the Child (AFC) assigned to the two subject children appeal from an order that modified the custody and visitation provisions of a judgment of divorce, pursuant to which the mother had primary physical residence of both children, by, inter alia, awarding petitioner father primary physical residence of the older child. We affirm.
We reject the contention of the mother and both appellate AFCs that the father failed to meet his initial burden of demonstrating the requisite change in circumstances warranting an inquiry into the best interests of the children. The father established, inter alia, that there had been a significant deterioration in the relationship between the mother and the older child, which culminated in a physical altercation between them that was the subject of a police report and an investigation by child protective services (see Matter of Rice v Wightman, 167 AD3d 1529, 1530 [4th Dept 2018], lv denied 33 NY3d 903 [2019]).
Contrary to the related contention of the mother and both appellate AFCs, we conclude that Family Court did not abuse its discretion in awarding the father primary physical residence of the older child. The court's determination that " 'the best interests of the children warrant their residence with different parents' " is supported by a sound and substantial basis in the record (Matter of Smith v Smith, 241 AD2d 980, 980 [4th Dept 1997]; see generally Cunningham v Cunningham, 137 AD3d 1704, 1705 [4th Dept 2016]; Sheridan v Sheridan, 129 AD3d 1567, 1568 [4th Dept 2015]).
Both appellate AFCs further contend that the court erred in initially awarding the father temporary physical residence of the older child without a hearing. That contention is moot, however, because the temporary orders granting physical residence of the older child to the father pending trial were superseded by the order on appeal (see Matter of Kirkpatrick v Kirkpatrick, 137 AD3d 1695, 1696 [4th Dept 2016]; Matter of Viscuso v Viscuso, 129 AD3d 1679, 1682 [4th Dept 2015]).
We also reject the contention of the appellate AFC for the older child that the court erred in allowing the attorney who had jointly represented the subject children in the parties' divorce proceeding in 2015 to represent the older child, but not the younger child, at the trial in this case in 2019. The children were entitled to separate counsel in the trial here due to their differing views (see Matter of Brian S. [Tanya S.], 141 AD3d 1145, 1148 [4th Dept 2016]), and a different trial AFC was appointed to represent the younger child. Moreover, there was no " 'reasonable probability' " that the younger child had revealed confidences to the older child's trial AFC that were "relevant to the subject matter of [the present] litigation" (Matter of H. Children, 160 Misc 2d 298, 300-301 [Fam Ct, Kings County 1994], quoting Greene v Greene, 47 NY2d 447, 453 [1979]; cf. Smith, 241 AD2d at 980). We note that the older child's trial AFC advocated for a position that was consistent with the preferences that the older child expressed to the court at the Lincoln hearing.
Finally, we have considered the remaining contention of the older child's appellate AFC and conclude that it does not warrant modification or reversal of the order.
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court