Matter of King v Pelkey (2024 NY Slip Op 03654)

Matter of King v Pelkey

2024 NY Slip Op 03654

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, GREENWOOD, AND NOWAK, JJ.

501 CAF 23-00048

[*1]IN THE MATTER OF JENELLE KING, PETITIONER-RESPONDENT,
v
ANDREW PELKEY, RESPONDENT-APPELLANT.

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (THOMAS R. BABILON OF COUNSEL), FOR RESPONDENT-APPELLANT.
PAMELA A. MUNSON, FULTON, ATTORNEY FOR THE CHILDREN.

Appeal from an order of the Family Court, Onondaga County (Donald Van Stry, R.), entered January 5, 2023, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded petitioner sole legal custody of the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent father appeals from an order that, inter alia, awarded petitioner mother sole legal custody of the subject children. We affirm.
The father contends that Family Court erred in denying his application for a judicial subpoena duces tecum with respect to the mother's mental health records. We reject that contention. "It is well settled that 'a party's mental health records are subject to discovery where that party has placed his or her mental health at issue' " (Matter of Lyndon S. [Hillary S.], 163 AD3d 1432, 1432-1433 [4th Dept 2018]). Before requiring disclosure of such records, however, there "must be a showing beyond mere conclusory statements that resolution of the custody issue requires revelation of the protected material" (Perry v Fiumano, 61 AD2d 512, 519 [4th Dept 1978] [internal quotation marks omitted]). Here, the father did not allege in his cross-petition that the mother's mental health was at issue and failed to demonstrate that the mental health records were material or necessary for the determination of the mother's petition (see Lauren S. v Alexander S., 205 AD3d 632, 633 [1st Dept 2022], lv denied 39 NY3d 907 [2023]; Perry, 61 AD2d at 519).
We reject the contention of the father and the Attorney for the Children that the court erred in admitting hearsay statements of one of the children at the trial on the petitions. "It is well settled that there is 'an exception to the hearsay rule in custody cases involving allegations of abuse and neglect of a child, based on the Legislature's intent to protect children from abuse and neglect as evidenced in Family [Court] Act § 1046 (a) (vi)' . . . , where, as here, the statements are corroborated" (Matter of Mateo v Tuttle, 26 AD3d 731, 732 [4th Dept 2006]; see Matter of Sutton v Sutton, 74 AD3d 1838, 1840 [4th Dept 2010]; see generally Matter of Cobane v Cobane, 57 AD3d 1320, 1321 [3d Dept 2008]). The child's hearsay statements were corroborated by the testimony of the mother, documentation contained in the child's school records, and the father's testimony on cross-examination (see Matter of Dixon v Crow, 192 AD3d 1467, 1468-1469 [4th Dept 2021], lv denied 37 NY3d 904 [2021]; Matter of Ricky A. [Barry A.], 162 AD3d 1747, 1748 [4th Dept 2018]). Even assuming, arguendo, that the court erred in admitting the hearsay statements, we conclude that any error is harmless because the result reached by the court would have been the same even had such testimony been excluded (see Matter of Adorno v Vaillant, 177 AD3d 1275, 1276 [4th Dept 2019]).
Finally, contrary to the further contention of the father and the Attorney for the Children, [*2]we conclude that the court's best interests determination is supported by a sound and substantial basis in the record and that the court properly considered the appropriate factors in awarding sole legal custody to the mother (see Matter of Burns v Herrod, 132 AD3d 1336, 1336-1337 [4th Dept 2015]; see generally Fox v Fox, 177 AD2d 209, 210-212 [4th Dept 1992]).
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court